UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GEORGE KEMP,<br><br>Defendant. | **INDICTMENT**<br><br>24 Cr.<br><br>24 CRIM 284 |

**COUNT ONE**
**(Conspiracy to Solicit and Receive a Bribe by Agent of Organization Receiving Federal Funds)**

The Grand Jury charges:

1. From at least in or about 2018 through at least in or about November 2022, in the Southern District of New York and elsewhere, GEORGE KEMP, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, solicitation and receipt of a bribe by an agent of an organization receiving federal funds, in violation of Title 18, United States Code, Section 666(a)(1)(B).

2. It was a part and an object of the conspiracy that GEORGE KEMP, the defendant, being an agent of a local government, and an agency thereof, to wit, the New York City Housing Authority ("NYCHA"), which received, in the calendar years 2018 through 2022, benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of federal assistance, would and did corruptly solicit and demand for the benefit of a person, and accepted and agreed to accept, a thing of value from a person, intending to be influenced and rewarded in connection with business, a transaction, and a series of transactions of NYCHA involving a thing of value of $5,000 and more, to wit, KEMP conspired

with others to and did solicit and accept a total of at least approximately $50,000 in bribes in exchange for arranging for certain contractors to receive no-bid contracts from NYCHA worth a total of at least approximately $275,000.

### Overt Acts

3. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed or caused to be committed in the Southern District of New York and elsewhere:

   a. In or about 2022, a co-conspirator ("Co-Conspirator-1") of GEORGE KEMP, the defendant, who was a NYCHA employee, instructed a certain NYHCA contractor to pay Co-Conspirator-1 larger bribes for each no-bid contract he was awarded because Co-Conspirator-1 needed to share the money with KEMP.

   b. In or about 2021 or 2022, after a certain NYHCA contractor gave Co-Conspirator-1 an envelope of money in exchange for no-bid contracts at a NYCHA development, Co-Conspirator-1 gave a portion of the money to KEMP, which KEMP accepted.

(Title 18, United States Code, Section 371.)

### COUNT TWO
**(Solicitation and Receipt of a Bribe by Agent of Organization Receiving Federal Funds)**

The Grand Jury further charges:

4. From at least in or about 2018 through at least in or about November 2022, in the Southern District of New York and elsewhere, GEORGE KEMP, the defendant, being an agent of a local government, and an agency thereof, to wit, NYCHA, which received, in each of the calendar years 2018 through 2022, benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of federal assistance, corruptly

solicited and demanded for the benefit of a person, and accepted and agreed to accept, a thing of value from a person, intending to be influenced and rewarded in connection with business, a transaction, and a series of transactions of NYCHA involving a thing of value of $5,000 and more, to wit, KEMP solicited and accepted a total of at least approximately $50,000 in bribes in exchange for arranging for certain contractors to receive no-bid contracts from NYCHA worth a total of at least approximately $275,000.

(Title 18, United States Code, Sections 666(a)(1)(B) and 2.)

## COUNT THREE
### (Conspiracy to Commit Extortion Under Color of Official Right)

The Grand Jury further charges:

5. From at least in or about 2018 through at least in or about November 2022, in the Southern District of New York and elsewhere, GEORGE KEMP, the defendant, and others known and unknown, knowingly combined, conspired, confederated, and agreed together and with each other to commit extortion under color of official right, as that term is defined in Title 18, United States Code, Section 1951(b)(2), and would and did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, KEMP conspired with others to obtain and did obtain money from NYCHA contractors, under color of official right and with the contractors' consent,

that was not due KEMP or his office.

(Title 18, United States Code, Section 1951.)

## COUNT FOUR
### (Extortion Under Color of Official Right)

The Grand Jury further charges:

6. From at least in or about 2018 through at least in or about November 2022, in the Southern District of New York and elsewhere, GEORGE KEMP, the defendant, knowingly committed and attempted to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), and thereby obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, KEMP, under color of official right, obtained money from NYCHA contractors, with their consent, that was not due KEMP or his office.

(Title 18, United States Code, Sections 1951 and 2.)

## FORFEITURE ALLEGATION

7. As a result of committing the offenses alleged in Counts One, Two, Three, and Four of this Indictment, GEORGE KEMP, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

### Substitute Assets Provision

8. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third person;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

     (Title 18, United States Code, Section 981;
     Title 21, United States Code, Section 853; and
     Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
DAMIAN WILLIAMS
United States Attorney